JUDGE ROBINSON

Peter R. Ginsberg, Esq. (PG6712)
Patrick Gaffney, Esq. (PG1584)
CROWELL & MORING LLP
153 East 53rd Street
New York, NY 10022
(P): 212-223-4000
(F): 212-223-4134

ECF Case

**07 CIV 10263** (SCR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

MERRILL HERMAN AND
SHARRON DUPLER,

Plaintiffs

versus

DAVID BERSON, DAREMY COURT
QUALIFIED VENTURES, L.L.C.,
DAREMY COURT XIV, INC. and
FISERV, INC.,

Defendants

_____ Civ. _____

COMPLAINT

JURY TRIAL DEMANDED

---------------------------------------x

Plaintiffs Merrill Herman and Sharron Dupler, by their attorneys Crowell & Moring LLP, as and for their complaint against the Defendants, allege as follows:

### NATURE OF THE ACTION

1. By this action, Plaintiffs Merrill Herman and Sharron Dupler ("Plaintiffs") seek to recover damages pursuant to the federal securities laws and New York common law for the Defendants' fraud, breach of fiduciary duty, breach of contract and gross negligence.

NYIWDMS: 10053931_1

2. The essence of this action is that the Defendants fraudulently induced the Plaintiffs to invest in two private investment funds by falsely misrepresenting that the funds would pay them twelve percent per annum dividends and that the Plaintiffs could redeem their investments at any time.

## JURISDICTION AND VENUE

3. The claims asserted herein arise pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. §240.10b-5 and New York common law.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367 because the claims either involve questions arising under the federal securities laws or are state law claims arising out of the same transaction or occurrences giving rise to Plaintiffs' federal law claims. This Court also has jurisdiction pursuant to §15 U.S.C. §78aa.

5. This Court has personal jurisdiction over all of the Defendants because they transact business in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 and 15 U.S.C. §78aa.

NYIWDMS: 10053931_1

## THE PARTIES

7.  Plaintiffs Herman and Dupler are husband and wife. They reside at 5 Melissa Drive, Ardsley, New York 10502 with their two children, Daniel, aged 14 years, and Alex, aged 17 years.

8.  Defendant David Berson ("Defendant Berson") is an accountant. He resides at 5 Daremy Court, Melville, New York 11747.

9.  Defendant Daremy Court Qualified Ventures, L.L.C. ("Defendant Daremy Court") is, upon information and belief, a private investment fund founded by Defendant Berson that issued limited liability interests to investors including Plaintiffs. Defendant Daremy Court's address is the same as Defendant Berson's address, 5 Daremy Court, Melville, New York 11747.

10. Defendant Daremy Court XIV, Inc. ("Defendant Daremy XIV") is, upon information and belief, a private investment fund founded by Defendant Berson that issued limited liability interests to investors including Plaintiffs and their minor children. Defendant Daremy XIV's address is the same as Defendant Berson's address, 5 Daremy Court, Melville, New York 11747.

11. Defendant FISERV, Inc. (Defendant FISERV") is a company that provides, among other things, trust company and investment support services to retirement plans, financial planners and financial institutions. Its headquarters are at 255 Fiserv Drive, Brookfield, Wisconsin 53045.

## BACKGROUND

12. Plaintiffs are not sophisticated investors. They have never taken any courses on investing and have limited investment experience.

13. Defendant Berson is an accountant to whom Plaintiffs were referred in approximately 1987. Defendant Berson has been preparing Plaintiffs' tax returns ever since, earning their trust and respect.

14. In approximately the summer of 2002, Defendant Berson presented Plaintiffs with an investment opportunity. He described how a group of traders with which he invested in a private investment fund known as Daremy Court generated guaranteed returns of twelve percent annually. Defendant Berson also represented that the investment had no fixed term and that Plaintiffs could liquidate their investment in Daremy Court at any time.

15. Trusting in Defendant Berson, Plaintiffs decided to invest their retirement monies in Daremy Court.

16. Plaintiff Herman, in reliance upon Defendant Berson's representations, rolled over his retirement savings in the amount of $49,888.08 from his employer's qualified plan in August 2002 directly or indirectly to Defendant FISERV, the trust company administering Daremy Court.

17. Plaintiff Dupler, in reliance upon Defendant Berson's representations, rolled over her retirement savings in the amount of $145,172.74 from her

employer's qualified plan in August 2002 directly or indirectly to Defendant FISERV, the trust company administering Daremy Court. Plaintiff Dupler made an additional rollover contribution in the amount of $3,413.00 in June 2004, directly or indirectly to Defendant FISERV.

18. Defendant FISERV provides investment support services for retirement plans, financial planners and financial institutions. Before doing business with private investment funds like Defendants Daremy Court and Daremy XIV, Defendant FISERV is obligated to conduct, and, as a matter of practice and in accordance with custom in the trade, conducts due diligence of such funds. This due diligence includes, but is not limited to, reviewing private placement memoranda being distributed to investors before it undertakes to administer limited liability interests in such funds.

19. Defendant FISERV invested Plaintiffs' qualified monies on Plaintiffs' behalf in Daremy Court.

20. If Defendant FISERV had followed its own procedures, as well as its legal obligations, it would have discovered that Defendant Berson and Defendant Daremy Court were representing that it would pay fund investors a twelve percent per annum return, irrespective of market conditions. Defendant FISERV also would have discovered that Defendant Berson and Defendant Daremy Court were representing that investors could redeem or roll-over the investments at any time. Such representations should have raised a red flag

and should have led Defendant FISERV to investigate Defendant Daremy Court, and not to accept Defendant Daremy Court as a client.

21. In fact, Defendant FISERV omitted to tell Plaintiffs that it knew practically nothing about Daremy Court or its founder Defendant Berson.

22. Defendant Berson also represented that Defendant Daremy Court XIV, a second private investment fund founded by Defendant Berson, would generate twelve percent annual dividends to its investors, irrespective of the stock market's performance, and that investments in Daremy Court XIV had no fixed term. Plaintiff Herman invested $55,000.00 of non-qualified monies in August 2002 in Defendant Daremy Court XIV. Plaintiff Herman made additional capital contributions in Defendant Daremy XIV as follows: a) $20,000.00 in June 2003; b) $20,000.00 in October 2003; and c) $20,000.00 in September 2004.

23. The account statements Plaintiffs received from Defendant FISERV regarding their investments in Daremy Court confirmed that they were indeed receiving the promised twelve percent annualized returns. Plaintiffs paid taxes on the dividends paid on the non-qualified Daremy XIV. Defendant Berson, as Plaintiffs' accountant, prepared the tax returns each year.

24. Pleased with the supposed performance of their Daremy Court and Daremy XIV investments, and relying upon Defendants' representations concerning

those funds, Plaintiffs opened up additional accounts for their children. Plaintiffs contributed $10,000.00 in October 2003 in a Daremy XIV account for their son Alex. Plaintiffs contributed $13,000.00 in June 2006 in a Daremy XIV account for their son Daniel.

25. Plaintiffs met with Defendant Berson in approximately March 2007 regarding the filing of their 2006 tax returns. When Defendant Berson showed them their 2006 federal return that he had prepared, Plaintiffs noticed for the first time since they began investing in Daremy XIV that no interest income from the fund had been listed on Schedule B of their 2006 tax return. Inquiring about the lack of interest income, Defendant Berson told Plaintiffs that the Daremy Court and Daremy XIV investments were being "transitioned" and that all of the interest income would be "worked out" by the end of the year and credited to their accounts. Plaintiffs had not received anything in the mail regarding the transitioning of their funds from either Defendant FISERV or Defendant Berson.

26. Troubled by Defendant Berson's statements, Plaintiffs decided to redeem their and their children's Daremy Court and Daremy XIV investments. Defendant Berson responded that certain filings had to be made with the SEC before their liquidation orders could take place, and that this would take a couple of months.

27. Starting shortly thereafter, Plaintiffs unsuccessfully made several attempts to contact Defendant Berson. When Plaintiffs instructed Defendant FISERV to liquidate their Daremy Court accounts, Defendant FISERV represented that it was only "a trustee" of plaintiffs' assets and their liquidation request had to be made to Daremy Court.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Violation of 15 U.S.C. 78j, Section 10 of The Securities Exchange Act of 1934, and Rule 10b-5 Promulgated Thereunder)
(Against Defendants Berson, Daremy Court Qualified Ventures, L.L.C., Daremy Court XIV, Inc. and FISERV, Inc.)

28. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 – 27 as if fully set forth at length herein.

29. In order to induce the Plaintiffs to invest and continue to invest in Daremy Court and Daremy XIV, Defendants Berson, Daremy Court and Daremy XIV made several misrepresentations of material fact upon which Plaintiffs relied. These misrepresentations were made, at a minimum, in August 2002, when Defendant Berson first recommended an investment in Daremy Court and Daremy XIV, and in June 2003, October 2003, June 2004, September 2004, and June 2006, when Defendant Berson recommended additional investments in these funds. At the time each of these representations was made, Defendants knew that representations were false and intended that Plaintiffs Herman and Dupler would rely upon their false representations

and misrepresentations in deciding whether to invest and continue to invest in the funds.

30. Defendant FISERV acted with reckless disregard of Plaintiffs' rights in receiving Plaintiffs' qualified monies and investing them on Plaintiffs' behalf in Daremy Court as described above. But for FISERV's recklessness, Plaintiffs never would have invested in Daremy Court in the first place, nor would Plaintiffs have continued to make additional investments in Daremy Court and also invest in Daremy XIV.

31. In addition to these material misrepresentations of fact, Defendants Berson, Daremy Court, Daremy XIV and FISERV also knowingly and intentionally omitted to disclose material facts about the Daremy Court and Daremy XIV investment opportunities and investments.

32. But for Defendants' intentional misrepresentations, recklessness and material omissions, Plaintiffs never would have invested in Daremy Court and Daremy XIV in the first place, nor would they have continued to invest and re-invest in Daremy Court and Daremy XIV through and including June 2007.

33. As a direct result of this scheme or artifice to defraud, Plaintiffs have suffered compensatory damages in excess of $500,000, in an exact amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(For Common Law Fraud)
(Against Defendants Berson, Daremy Court Qualified Ventures, L.L.C. and Daremy Court XIV, Inc.)

34. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 27 above as if fully set forth at length herein.

35. In making their representations about the twelve percent annualized returns and about Plaintiffs' right to redeem the investments at any time, Defendants Berson, Daremy Court, and Daremy XIV knowingly and intentionally made the misrepresentations and omitted to state material facts to Plaintiffs in order to induce initial and subsequent investments in Daremy Court and Daremy XIV.

36. Plaintiffs have suffered compensatory damages in excess of $500,000, in an exact amount to be determined at trial.

37. Plaintiffs reasonably relied upon the representations herein alleged when they determined to invest in Daremy Court and Daremy XIV and when they continued to make additional investments in Daremy Court and Daremy XIV. In committing their fraud as alleged, Defendants Berson, Daremy Court and Daremy XIV acted in reckless disregard for the truth, in conscious disregard for Plaintiffs' rights, and with malice and oppression so as to justify an award of punitive damages.

NYIWDMS: 10053931_1

### THIRD CLAIM FOR RELIEF
(Breach Of Fiduciary Duty)
(Against Defendants Berson, Daremy Court Qualified Ventures, L.L.C.,
Daremy Court XIV, Inc. and FISERV)

38. Plaintiffs repeat and re-allege paragraphs 1 - 27 as if fully set forth at length herein.

39. Defendants Berson, Daremy Court, Daremy XIV and FISERV owed Plaintiffs, as investors and members in the funds, a fiduciary duty which encompassed a duty to act honestly, openly, fairly and in the best interests of Plaintiffs.

40. By failing properly to manage the funds, and by deliberately misleading Plaintiffs as to the performance and state of the funds, Defendants intentionally, knowingly and in bad faith breached their fiduciary duties to Plaintiffs.

41. As a result of the breach of their fiduciary duties, Plaintiffs have suffered compensatory damages in excess of $500,000, in an exact amount to be determined at trial.

42. In committing their breach of fiduciary duties as alleged herein, Defendants Berson, Daremy Court, Daremy XIV and FISERV acted in reckless disregard for the truth, in conscious disregard for Plaintiff's rights, and with malice and oppression so as to justify an award of punitive damages.

### FOURTH CLAIM FOR RELIEF

NYIWDMS: 10053931_1

(For Breach Of Contract)
(Against Defendants Berson, Daremy Court Qualified Ventures, L.L.C. and Daremy Court XIV, Inc.)

43. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 27 as if fully set forth herein at length herein.

44. Plaintiffs entered into agreements with Defendants Berson, Daremy Court and Daremy XIV in reliance upon the guarantee of twelve percent annualized returns and the right to redeem the investments at any time.

45. By failing to pay the agreed twelve percent per annum, and by refusing to abide by Plaintiffs' direction to Defendants to redeem their investments, Defendants Berson, Daremy Court and Daremy Court XIV breached the terms of their contract with Plaintiffs, as well as the covenant of good faith and fair dealing implied in every contract.

46. As a result of the foregoing breach of contract, Plaintiffs have suffered compensatory damages in excess of $500,000, in an exact amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(For Gross Negligence)
(Against Defendants Berson, Daremy Court Qualified Ventures, L.L.C., Daremy Court XIV, Inc. and FISERV)

47. Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 - 27 as if fully set forth at length herein.

NYIWDMS: 10053931_1

48. By his position as an investment advisor, Defendant Berson, as well as Defendants Daremy Court and Daremy XIV, owed Plaintiffs a duty of care in performing his job with the requisite skill and diligence to invest funds in the best interests of Daremy Court's and Daremy XIV's investors, including Plaintiffs. As alleged herein, Defendants Berson, Daremy Court and Daremy XIV acted with gross negligence in the breach of their duties owed to Plaintiffs.

49. Due to its position as a trust company providing investment support services to Plaintiffs, among others, Defendant FISERV owed Plaintiffs a duty of care in performing its job with the requisite skill and diligence. As alleged herein, FISERV acted with gross negligence in the breach of its duties owed to Plaintiffs.

50. As a direct approximate result of the gross negligence of Defendants Berson, Daremy Court, Daremy XIV and FISERV, Plaintiffs have suffered compensatory damages in excess of $500,000, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment as follows:

1. Awarding Plaintiffs all compensatory damages they suffered, including lost profits, consequential and incidental damages, as a result of the wrongful conduct of the Defendants, in an amount to be determined at trial.

2.  Awarding Plaintiffs punitive damages in a just amount for Defendants' willful and wanton conduct.

3.  Awarding Plaintiffs pre-judgment and post-judgment interest.

4.  Awarding Plaintiffs their costs, expenses and attorneys' fees incurred in connection with this action.

5.  Awarding Plaintiffs such other and further relief as the Court finds just and proper.

Dated:  November 9, 2007
        New York, New York

CROWELL & MORING LLP

By: ___/s/ Peter R. Ginsberg___
Peter R. Ginsberg, Esq.
(PG6712)
Patrick Gaffney, Esq. (PG1584)
153 East 53rd Street
New York, New York 10022
T: (212) 223-4000
F: (212) 223-4134

Attorneys for Plaintiffs
Merrill Herman and Sharron Dupler

NYIWDMS: 10053931_1