UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MERRILL HERMAN and SHARRON DUPLER,

           Plaintiffs,

  -against-

DAVID BERSON, DAREMY COURT QUALIFIED
VENTURES, L.L.C., DAREMY COURT XIV, INC.,
and FISERV, INC.,

           Defendants.
------------------------------------------------------------ X

07 CIV 10263
(SCR)

**NOTICE OF MOTION**

      **PLEASE TAKE NOTICE** that upon the annexed declaration of Andrew B. Schultz, duly executed on January 18, 2008, the exhibits attached thereto, the accompanying Memorandum of Law in support of this motion, and the complaint, Defendants David Berson, Daremy Court Qualified Ventures, L.L.C., and Daremy Court XIV, Inc. will move this Court, before the Hon. Stephen C. Robinson, United States District Judge, on March 7, 2008, or as soon thereafter as counsel can be heard, for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Plaintiffs' complaint as against them in its entirety, together with such other and further relief as the Court deems just and proper.

(By agreement of Plaintiffs and the moving Defendants, Plaintiffs' answering papers shall be served by February 28, 2008 and movants' reply papers shall be served by March 5 2008).

Dated: January 18, 2008
Woodbury, New York

*[signature]*

ANDREW B. SCHULTZ (AS 3739)
SCOTT M. ZUCKER
*Attorneys for Defendants David Berson,
Daremy Court Qualified Ventures, L.L.C.,
and Daremy Court XIV, Inc.*
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
516.921.0090

TO: Peter R. Ginsberg, Esq.
Patrick Gaffney, Esq.
CROWELL & MORING, LLP
*Attorneys for Plaintiffs*
153 East 53rd Street, 31st Floor
New York, NY 10022
212.223.4000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MERRILL HERMAN and SHARRON DUPLER
                                     Plaintiff,

               -against -                                   07 CIV 10263
                                                                           (SCR)
DAVID BERSON, DAREMY COURT QUALIFIED
VENTURES, L.L.C., DAREMY COURT XIV, INC.,
and FISERV, INC.,
                                       Defendants.
-------------------------------------------------------------------------X

## DECLARATION OF ANDREW B. SCHULTZ IN SUPPORT OF DEFENDANTS DAVID BERSON'S DAREMY COURT QUALIFIEDVENTURES, L.L.C.'S, AND DAREMY COURT XIV, INC.'S MOTION TO DISMISS

1. I represent (along with co-counsel Scott M. Zucker) defendants David Berson, Daremy Court Qualified Ventures, L.L.C., and Daremy Court XIV, Inc.

2. Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint in this action.

3. For the reasons stated in the accompanying memorandum of law, Defendants David Berson, Daremy Court Qualified Ventures, L.L.C., and Daremy Court XIV, Inc. respectfully request that their motion to dismiss be granted, together with such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the forgoing is true and correct.

January 18, 2008

                                                                    _____
                                                                    ANDREW B. SCHULTZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MERRILL HERMAN and SHARRON DUPLER
                                                    Plaintiff,

                      -against -                         07 CIV 10263
                                                                       (SCR)
DAVID BERSON, DAREMY COURT QUALIFIED
VENTURES, L.L.C., DAREMY COURT XIV, INC.,
and FISERV, INC.,
                                                  Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANTS DAVID BERSON'S DAREMY COURT QUALIFIEDVENTURES, L.L.C.'S, AND DAREMY COURT XIV, INC. IN SUPPORT OF MOTION TO DISMISS

SCOTT M. ZUCKER, ESQ.
ANDREW B. SCHULTZ, ESQ.
*Attorneys for Defendants David Berson, Daremy Court Qualified Ventures, L.L.C., and Daremy Court xiv, Inc.*
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
516.921.0090

This case literally exemplifies the cliché of "making a federal case" out of a non-federal court dispute. Plaintiffs claim to have had an agreement with Defendants under which they "invested" funds with a promised return of twelve percent per year and the option to liquidate the purported "investment" at any time. They further allege that the Defendants breached this alleged agreement by, after paying the agreed upon rate of return for several years, ceasing those payments and failing to liquidate their holdings upon request. Unsatisfied with bringing their breach of contract claim in the appropriate forum, Plaintiffs have miscast their claim as involving federal securities laws, along with other miscast state law claims, in a misguided attempt to improperly place the case in federal court for some perceived advantage.

Plaintiffs' attempt should fail for several reasons. First, their federal securities law claim is time-barred. Second, Plaintiffs fail to meet the ultra-heightened pleading requirement for securities fraud cases, failing to adequately plead the requisite scienter or loss causation. Third, Plaintiffs' securities fraud, common law fraud, breach of fiduciary duty, and negligence claims are impermissibly duplicative of their breach of contract claim. Lastly, because their federal claims are fatally defective, there is no basis for this Court to assert jurisdiction over any remaining pendent state law claims they may have. Accordingly, the motion to dismiss by Defendants David Berson Daremy Court Qualified Ventures, L.L.C.'S, and Defendant Daremy Court XIV, Inc should be granted.

Because Plaintiffs' allegations are deemed true solely for the purposes of this motion, the following summary of the relevant facts is taken from the Plaintiffs' complaint:

1

### A. Plaintiffs Allegedly Enter Into An Agreement In The "Summer of 2002" With Defendants Berson, Daremy Court LLC, And Daremy Court XIV To Put Funds Into Alleged Private Investment Funds.

Plaintiffs allege that they entered into contracts in the "summer of 2002" with Berson, Daremy Court L.L.C., and Daremy Court XIV to place funds in to Daremy Court LLC and Daremy Court XIV. (Complaint at ¶14, ¶¶ 43-45). They allege that, during the summer of 2002, Berson informed them that he had invested his own personal funds, along with a "group of traders", into Daremy Court LLC. (Complaint at ¶ 14). Plaintiffs contend that Berson purportedly informed them that Daremy Court LLC "generated guaranteed returns of twelve percent annually." (Complaint at ¶ 14). They further claim that Berson told them that the "investment" had no fixed term and that they would be permitted to liquidate the "investment" at any time. (Complaint at ¶ 14). Plaintiffs allege that, based on what Berson had told them regarding his own personal investment in Daremy Court LLC, they determined that they too wanted to invest in it. (Complaint at ¶ 14-15).

In or about August 2002, Plaintiffs allege that they separately placed approximately $200,000 between them into Daremy Court LLC. (Complaint at ¶¶ 16-17), and in or about June 2004, Plaintiffs Dupler allegedly placed approximately $3500 in additional funds into Daremy Court.

Plaintiffs further allege that, in or before August 2002, Berson purportedly represented to them that he had founded a second private investment fund, namely Daremy Court XIV. (Complaint at ¶ 22). Plaintiffs claim that Berson purportedly stated that Daremy Court XIV "would generate twelve percent annual dividends to its investors, irrespective of the stock market's performance, and that investments in Daremy Court

XIV had no fixed term." (Complaint at ¶ 22). Plaintiff Herman allegedly placed a total of $115,000 in Daremy Court XIV as follows: $55,000 in August 2002, $20,000 in June 2003, $20,000 in October 2003, and $20,000 in September 2004. (Complaint at ¶ 22).

### B. Plaintiffs Receive Interest And Dividends Pursuant To Those Agreements.

Plaintiffs concede that they received the agreed upon twelve percent annualized returns until 2006. (Complaint at ¶ 23-25). Indeed, they were so pleased with the performance of their "investment" that the purportedly opened accounts for their two children, allegedly contributing $10,000 in October 2003 to Daremy Court XIV for one son and $13,000 to Daremy Court XIV in June 2006 for a second child. (Complaint at ¶ 25).

### C. Plaintiffs Allege A Breach Of Those Agreements Because Defendants Purportedly Refused To Liquidate The Alleged Investments As Per The Agreements.

Plaintiffs claim that, in or about March 2007, they met with Berson regarding their 2006 income tax returns, and that for the first time the returns did not reflect interest income from Daremy Court LLC or Daremy Court XIV. (Complaint at ¶ 25). They claimed that they asked Berson to liquidate their accounts, but no such liquidation has occurred. (Complaint at ¶ 27).

## POINT I.   PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE TIME-BARRED.

The statute of limitations for claims arising under § 10(b) is one year from discovery <u>and</u> a maximum of three years from the alleged violation. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 361-64 (1991). "Litigation

instituted pursuant to § 10(b) and Rule 10b-5 therefore <u>must be commenced within one year after the discovery of the facts constituting the violation *and* within three years of such violation.</u>" *Lampf,* 501 U.S. at 364 (emphasis supplied). The equitable tolling doctrine is inapplicable to § 10(b) claims. *Id.* at 363. The three year period of the statute of limitations is an "outside limit", and is "Clearly to serve as a cutoff" for all claims brought under § 10(b). All claims filed more than three years after any alleged misrepresentations or omissions are barred as a matter of law. *Id.* at 364.

Here, all of Plaintiffs' claims are time barred. The only misrepresentation and/or omissions alleged in Plaintiffs' complaint admittedly occurred in "approximately the summer of 2002". (Complaint at ¶¶ 14, 22). Plaintiffs do not allege any additional misrepresentations or omissions; rather they claim that they were pleased with the returns received on their initial "investment" and relied upon the original alleged misrepresentations from 2002 in making additional "investment". (Complaint at ¶¶ 14-24). It is undisputed that Plaintiffs did not commence this action until November 13, 2007 approximately five years and three months after the alleged misrepresentations/omissions. (Complaint at p. 1). Accordingly, Plaintiffs' First Claim for Relief (their only federal claim) is time barred and should be dismissed and since these are Plaintiffs' sole federal claims, the remaining pendent claims should also be dismissed.

**POINT II.    ONCE PLAINTIFFS' FEDERAL CLAIMS ARE DISMISSED, ANY REMAINING STATE LAW CLAIMS SHOULD ALSO BE DISMISSED FOR LACK OF JURISDICTION.**

Where a plaintiff's federal claims are all dismissed, any remaining state law claims should be dismissed as well. 28 U.S.C. § 1367(c)(3); Giordano v. City of New

York, 274 F. 3d 740, 754 (2d Cir. 2001). As detailed above, Plaintiffs' sole federal claims are time barred and in any event fail to state a cause of action. Accordingly, Plaintiffs remaining pendent state law claims, if any, should be dismissed as well.

**POINT III.   PLAINTIFFS' CLAIMS SHOULD ALSO BE DISMISSED BECAUSE THEIR COMPLAINT FAILS TO STATE A CAUSE OF ACTION.**

Even apart from the limitations ground described above, Plaintiffs' claim should nonetheless fail because Plaintiffs' complaint fails to state a cause of action. As a matter of law, Plaintiffs have failed to plead that Defendants acted with the required scienter to sustain their fraud claims. Moreover, they have also failed to plead loss causation, an essential element of their securities fraud claims. In any event, their fraud, breach of fiduciary duty, and gross negligence claims fail to state a cause of action because they are merely duplicative of Plaintiffs' breach of contract claims. Accordingly, Berson's, Daremy Court LLC's, and Daremy Court XIV's motion to dismiss should be granted as well for this stated additional basis.

Claims alleging securities fraud are subject to ultra-heightened pleading requirements under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4(b); *Tellabs, Inc. v. Makor Issues and Rights, Inc.* 127 S.Ct. 2499, 2504 (2007). Congress enacted the PSLRA to curtail abusive securities fraud litigation that imposes substantial costs on companies and individuals. *Tellabs*, 127 S.Ct. at 2504. Accordingly, Congress imposed exacting pleading requirements on securities fraud plaintiffs, requiring them to plead with particularity all of the following: (1) each statement or omission alleged to have been misleading; (2) the reasons why the statement or omission is misleading; and (3) if an allegation is made upon information and belief,

all of the facts upon which the belief is formed. 15 U.S.C. § 78u-4(b)(2) (empahisis supplied); *Tellabs*, 127 S.Ct at 2504 (securities fraud plaintiff must plead with particularity facts evidencing the defendant's alleged intent to deceive, manipulate, or defraud). If these requirements are not met, the court is required to grant the defendant's motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(A).

The "strong inference" standard "unequivocally raised the bar for pleading scienter" in a securities fraud action. *Tellabs,* 127 S.Ct. at 2509. Congress did not merely require that plaintiffs provide a factual basis for their allegations; rather, plaintiffs must plead with particularity facts give a "powerful or cogent" inference of scienter. *Tellabs,* 127 S.Ct. at 2510. While the court on a motion to dismiss a 10(b) action will still accept all well-pleaded[1] factual allegations in the complaint as true, the court must also consider all opposing inferences. *Tellabs,* 127 S.Ct. at 2509. The court "must consider" all plausible non-culpable explanations for the defendant's alleged conduct in determining whether the plaintiff has met its difficult burden of sufficiently pleading with particularity facts giving the "strong inference" of scienter. *Tellabs,* 127 S.Ct. at 2510. The "inference must be more that merely 'reasonable' or permissible'" to meet this ultra-heightened pleading requirement. *Id.* Rather, it must be "cogent and compelling," thus strong in light of other explanations. *Id.* "A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* Omissions and ambiguities in the complaint count against inferring scienter. *Id.* at 2511. "A plaintiff alleging fraud in a §

---

[1] "In any event, 'bald contentions, unsupported characterization, and legal conclusions are not well-pleaded allegations' and will not defeat a motion to dismiss." *Berrian v. Pataki*, 510 F.Supp.2d 348, 354 (S.D.N.Y. 2007).

10(b) action…must plead facts rendering an inference of scienter *at least as likely as* any plausible opposing inference." *Id.* at 2513 (emphasis in original).

Under this exacting standard, Plaintiffs' complaint utterly fails and should be dismissed. The complaint is fatally defective because it fails to state a claim that Berson, Daremy Court LLC, or Daremy Court XIV acted with the required scienter.

### A. Plaintiffs' Complaint Fails to State a Claim That Defendants Acted With The Required Scienter.

As detailed above, Plaintiffs are required to plead with particularity facts rendering an inference of scienter *at least as likely* as any plausible opposing inference for their complaint to withstand a motion to dismiss. *Tellabs,* 127 S.Ct. at 2510-13. Plaintiffs complaint, however, is devoid of any factual allegations even remotely establishing the required "strong inference" of scienter. Rather, Plaintiffs merely make the boilerplate, conclusory allegations, with no factual support whatsoever, that "[a]t the time each of the representations was made, Defendants knew that representations [sic] were false and intended that Plaintiffs Herman and Dupler would rely upon their false representations and misrepresentations in deciding whether to invest and continue to continue to invest in the funds." (Complaint at ¶¶ 29,35). They further make the boilerplate, conclusory allegation that Defendants "knowingly and intentionally omitted" to disclose unidentified and unspecified material facts. (Complaint at ¶¶ 31,35). These conclusions of law and unsupported characterizations are not deemed true for purposes of this motion to dismiss. *Berrian,* 510 F.Supp.2d at 354. Merely pleading that a legitimate investment vehicle was used as an opportunity to commit an alleged fraud is insufficient as a matter of law to support the required "strong inference" of scienter. *ASTI Communications, Inc. v. Shaar Fund, LTD.*, 493 F. 3d 87, 104 (2d Cir. 2007). Moreover,

mere generalized motives attributable to any for-profit enterprise, are insufficient as a matter of law to support the required "strong inference" of scienter. *Chill v. Gen. Elec. Co.*, 101 F. 3d 263, 268 (2d Cir. 1996)(mere motive to increase profitability or compensation, or to make an investment appear profitable, insufficient to establish scienter); *Shields v. Cititrust Banncorp., Inc.*, 25 F.(3d 1124, 1128-29 (2d Cir. 1994) (mere coupling of factual allegation with conclusory statement of fraudulent intent insufficient as a matter of law to establish scienter; allegations that defendant wished to maintain artificially high stock price in order to secure their compensation and job status insufficient as a matter of law to establish scienter); *In re Veeco Instruments, Inc.*, 235 F.R.D. 220, 230 (S.D.N.Y. 2006) (motives common to every corporation or business are insufficient as a matter of law to prove fraudulent intent). Rather, a plaintiff must identify a sufficiently particularized and personal benefit to the particular defendant – a "concrete benefit" – to sustain its securities fraud claims. *Veeco*, 235 F.R.D. at 230; *Greene v. Hanover Direct, Inc.*, 2007 WL 4224372, *3-4 (S.D.N.Y. Nov. 19 2007). Plaintiffs' complaint is utterly devoid of the required factual allegations, and is therefore fatally defective as a matter of law.

Plaintiffs' failure to plead with particularity facts establishing the alleged misrepresentations or omissions of Defendants, as well as their failure to plead with specificity the facts giving rise to a "strong inference" of scienter, require dismissal of their claims. 15 U.S.C. § 78u-4(b)(1), (2); 15 U.S.C. § 78u-4(b)(3) ("In any private action arising under this chapter, the court shall, on the motion of nay defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met"); *Tellabs*, 127 S.Ct.

at 2511 (omissions and ambiguities in the complaint count against inferring scienter). Accordingly, the complaint should be dismissed.

Moreover, even if Plaintiffs' fatal failure to meet the ultra-heightened plea requirements of the securities fraud claims is ignored, the facts alleged yield several plausible opposing inferences that render any inference of fraudulent intent dubious, at best. *Tellabs,* 127 S.Ct. at 2510-13. Plaintiffs acknowledge that Berson also had money invested in Daremy Court LLC and Daremy Court XIV, along with a "group of traders". (Complaint at ¶ 14). Accordingly, he himself would necessarily be a victim of any fraud resulting in the loss of funds by either of those entities. Moreover, Plaintiffs concede that they received the alleged guaranteed twelve percent returns for the first several years. of the "investments", and that they were "pleased" with the performance of their "investments". (Complaint at ¶¶ 23-24). The fact that the purportedly promised rate of return was paid for several years further negates any fraudulent intent, and actually indicates that the purported "investments" we in fact legitimate. Because, upon the facts as alleged by Plaintiffs, the inference of scienter is not as likely as the competing plausible inferences, Plaintiffs' complaint fails to state a cause of action for securities fraud and should be dismissed.

### B. Plaintiffs Fail To Plead Loss Causation.

A plaintiff in securities fraud transaction is required to prove both "transaction causation" and "loss causation" in order to recover. 15 U.S.C. § 78u-4(b)(1), (4); *ATSI,* 493 F. 3d at 106. While transaction causation is established where the plaintiff would not have entered in the subject transaction for the claimed misrepresentations or omissions, loss causation requires proof that the losses sustained were "foreseeable and caused by

the materialization of the risk concealed by the fraudulent statement". *ATSI*, 493 F. 3d at 106-07. Absent factual allegations pleaded with sufficient particularity establishing a casual connection between the alleged misrepresentation and the losses sustained, the complaint fails as a matter of law. Merely explaining why the investment was allegedly made is insufficient as a matter of to establish the relationship between the alleged loss. (493 F. 3d at 107).

Here, Plaintiffs' complaint is devoid of any factual allegations establishing the required loss causation. The only allegations contained in the complaint are transactional causation allegation; Plaintiffs allege that the entered in the subject "investments" because of purported misrepresentations or omissions by Defendants. There are no allegations whatsoever establishing how the alleged misrepresentations – that the "investments" guaranteed a twelve percent return and that there was no fixed term of investment – caused any loss. Accordingly, Plaintiffs claim fails to establish the essential element of loss causation, and should therefore be dismissed.

### C. Plaintiffs Fraud, Breach Of Fiduciary Duty, And Negligence Claims Should Be Dismissed Because They Are Duplicative Of Their Breach Of Contract Claim.

Under New York law, a plaintiff may not allege fraud, breach of fiduciary duty, or tort liability based upon the same allegations as a breach of contract claim. *Layden v. Boccio*, 253 A.D.2d 540, 541 (2d Dep't 1998) (fraud, breach of fiduciary duty, and tort claims properly dismissed where premised on same allegations as breach of contract claim and not based upon a duty distinct from or independent of contract); *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 318, 662 N.E.2d 763, 639 N.Y.S.2d 283 (1995) (general allegations that defendant entered into an agreement lacking the intent to

perform it and evincing dissatisfaction with defendant's failure to perform agreement insufficient to support a fraud claim); *Non-Linear Trading Co. v. Braddis Assoc.*, 243 A.D.2d 107, 118, 675 N.Y.S.2d 5 (2d Dep't 1998) (absent a duty distinct from and in addition to the contractual obligations, a plaintiff cannot recover for tort or fraud in a breach of contract action). Here, Plaintiffs have alleged that they entered into an agreement with Berson, Daremy Court LLC, and Daremy Court XIV, the terms of which were that they would "invest" money with Daremy Court LLC, and Daremy Court XIV for a guaranteed rate of return twelve percent annually, and that they could liquidate the "investments" at any time they chose. (Complaint at ¶¶ 44-45). They further concede that the agreed upon rate of return was paid for a period of years, but allege that Berson, Daremy Court LLC, and Daremy Court XIV subsequently breached the agreement by ceasing to pay the agreed upon rate of return and refusing to honor their alleged request to liquidate the "investments". (Complaint at ¶¶ 23-27, 44-45).

These breach of contract allegations, however, are also the sole basis of Plaintiffs' securities fraud, common law fraud, breach of fiduciary duty, and gross negligence claims. Therefore, Plaintiffs have failed to allege any duty distinct from the contractual obligations imposed by the alleged agreement to support their fraud, fiduciary duty, and tort claims. Accordingly, as a matter of law, those claims fail and should be dismissed. Because Plaintiffs' breach of fiduciary duty, securities fraud, common law fraud, and negligence claims are duplicative of their breach of contract law claim, those claims should be dismissed.

**CONCLUSION**

For the foregoing reasons, Berson, Daremy Court LLC, and Daremy Court XIV respectfully request that their motion to dismiss be granted.

Dated: January 18, 2008
Woodbury, New York

_____
ANDREW B. SCHULTZ (AS 3739)
SCOTT M. ZUCKER
Attorneys for Defendants David Berson,
Daremy Court L.L.C, and Daremy Court
XIV, Inc.
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
516.921.0090