UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MERRILL HERMAN and SHARRON DUPLER

                                  Plaintiff,

                -against -　　　　　　　　　　　　　　　　　07 CIV 10263
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(SCR)
DAVID BERSON, DAREMY COURT QUALIFIED
VENTURES, L.L.C., DAREMY COURT XIV, INC.,
and FISERV, INC.,

                                  Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF DEFENDANTS DAVID BERSON, DAREMY COURT QUALIFIED VENTURES, L.L.C., AND DAREMY COURT XIV, INC. IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

SCOTT M. ZUCKER, ESQ.
ANDREW B. SCHULTZ, ESQ.
*Attorneys for Defendants David Berson, Daremy Court Qualified Ventures, L.L.C.,*
*and Daremy Court xiv, Inc.*
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
516.921.0090

Significantly, Plaintiffs' memorandum in opposition can only and does only refer to Plaintiffs' own allegations in their complaint, establishing that the alleged agreement and relied-upon representations by Defendants undeniably occurred "In or about the summer of 2002"; "in August 2002" (mentioned three times); and "In or about August 2002" (memorandum in opposition at pages 2 and 3).

Consistent with these key established dates is the language of the Complaint itself, namely that Plaintiffs allegedly entered into an agreement in the "summer of 2002" (Complaint at ¶ 14, ¶¶ 43-45); "In or about August 2002" (Complaint at ¶¶ 16-17); and "in or before August 2002" (Complaint at ¶ 22).

Thus, the timing of the alleged breach of agreement and/or misrepresentations relied upon by Plaintiffs is fixed at August 2002.

The complaint here was undeniably filed on November 13, 2007 – <u>more than five years</u> after the alleged occurrence of the statutory Rule 10b-5 "violation" mentioned in the complaint.

By any applicable and governing statute of limitation, Plaintiffs' federal claim (and sole basis for federal jurisdiction) is time-barred, and Defendants' motion to dismiss on the limitation ground should be granted.

28 USC § 1658 provides in pertinent part:

> "(a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues.
> (b) Notwithstanding subsection (a), a private right of action that involves a claim of fraud, deceit, manipulation, or contravention of a regulatory requirement concerning the securities laws…may be brought not later

1

> than the earlier of -
> (1) 2 years after the discovery of the facts
>     constituting the violation; <u>or</u>
> (2) <u>5 years after such violation.</u>"
>                          [emphasis added]

Section 1658(a) was enacted on December 1, 1990, and section 1658(b) was enacted on July 30, 2002. Since 15 USC 78j(b), containing section 10(b) of the Securities Exchange Act of 1934, and encompassing the concomitant SEC Rule 10(b)-5, were enacted in 1934 – and surely prior to December 1, 1990, it might have been suggested that the "2 year/5 year" limitation in section 1658(b) does not apply to a 1934 (and prior to a 1990) statute. We know of no prior reported case analyzing this point in detail, but in any event section 1658(b) bars Plaintiffs' claimed August 2002 "violation", since the lawsuit here was commenced more than 5 years later.

Faced with this statutory time bar, Plaintiffs cannot now overcome their repeated references to "August 2002" as the only time when they allege any representations were made. Confronted with their awkward and untenable jurisdictional posture before this federal court. Plaintiffs' counsel now is relegated to throwing in a rhetorical reference to what counsel calls "continuing misrepresentations" (Memorandum in Opposition, at page 3). Yet the complaint binds them to their August 2002 allegations, and contains no allegation of any representations after August 2002. Nor does Plaintiffs' subsequent placement of further funds into their investment accounts constitute any further representation by Defendants.

Indeed, Plaintiffs concede that they received "account statements" until 2006, "that seemingly confirmed that their investments were in fact performing [as allegedly

2

promised] (Memorandum in Opposition, page 3, citing Plaintiffs' own complaint at ¶ 23); and that "Plaintiffs also paid taxes…on the dividends earned…"(Memorandum in Opposition, page 3, citing Complaint at ¶ 23).

Accordingly, Plaintiffs' sole federal claim under 10(b)-5 should be dismissed at this time as barred by the applicable statute of limitations. As a result, Plaintiffs' other alleged pendent non-federal claims, should be dismissed as well. We respectfully submit that this court need go no further (although we have alternatively argued that Plaintiffs' pleading was also deficient in other respects).

Dated: March 4, 2008
Woodbury, New York

*Andrew B. Schultz*
ANDREW B. SCHULTZ (AS 3739)
SCOTT M. ZUCKER
Attorneys for Defendants David Berson,
Daremy Court L.L.C, and Daremy Court
XIV, Inc.
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
516.921.0090