# SCOTT M. ZUCKER
ATTORNEY AT LAW
135 CROSSWAYS PARK DRIVE, SUITE 201
WOODBURY, NEW YORK 11797

TELEPHONE (516) 921-0090
FACSIMILE (516) 364-3345

116 JOHN STREET
SUITE 312
NEW YORK, NEW YORK 10038

4510 COX ROAD, SUITE 100
ROWE PLAZA
GLEN ALLEN, VIRGINIA 23060

**VIA ECF AND FACSIMILE: 914.390.4179**      May 5, 2008
Hon. Stephen C. Robinson
U.S. District Court
800 Quarropas St. #633
White Plains, New York 10601

Re:   **Herman and Dupler v. Berson, et al. 07-civ-10263 (SCR) (MDF)**

Dear Judge Robinson:

We represent the three remaining Defendants - David Berson, Daremy Court Qualified Ventures, L.L.C. and Daremy Court XIV, Inc.

Pursuant to Your Honor's Court Rule II (A)(2), we submit this pre-motion letter. As described below, we request a stay of disclosure proceedings, pending determination of Defendants' motion to dismiss the complaint as barred by the applicable five-year statute of limitations. Defendants' motion to dismiss, fully briefed by both sides, was submitted to the court for consideration on March 7.

The action was assigned for disclosure purposes to Magistrate Judge Fox. A conference is scheduled before Your Honor on May 9, and a conference is scheduled that date before Judge Fox.

Plaintiffs' sole federal jurisdiction underpinning is a securities fraud claim under Rule 10b-5.

Under 28 USC 1658(b), the applicable statute of limitation for plaintiff's 10b-5 claim is five years from the occurrence of the alleged fraud.

Plaintiff's complaint contains numerous references to alleged representations by Defendants in August 2002 and the "summer of 2002."

The complaint was filed more than five years later on November 21, 2007. The issue on the motion is the legal application of the statute of limitations to the allegations on the face of the complaint. If the motion is granted, the case would be dismissed, since Plaintiffs' remaining claims would fall by the federal procedural wayside as pendent non-federal claims.

Mag. Judge Fox has advised counsel for both sides that he is pressing an early discovery schedule with all disclosure to be completed by June 30. Plaintiffs have recently served a notice to depose Defendant Berson on May 22. At a recent conference, Judge Fox stated that application for a stay should be addressed to Your Honor, as we are now doing.

We maintain that there is a threefold standard for the court to consider on a motion to stay disclosure, pending determination of a potentially dispositive motion such as Defendants' already submitted motion to dismiss.

We refer the court to such applicable cases as Port Dock and Stone Corp v. Old Castle, 2006 WL 897996 (EDNY 2006); Telesca v. Long Island Housing Partnership, Inc., 2006 WL 1120636 (EDNY 2006); and United States v. County of Nassau, 188 F.R.D. 187 (EDNY 1999); all three of which granted a stay of disclosure pending determination of a pending dispositive motion to dismiss.

We respectfully maintain that defendants here satisfy the three-fold standard warranting a stay.

First, the Defendants have made a "strong showing" on their motion to dismiss that Plaintiffs' claim brought in this court is "unmeritorious" as barred by the applicable five-year statute of limitations. The legal issue is clear-cut, and as noted Defendants rely on the language of Plaintiffs' own complaint.

Second, the proposed discovery here would involve substantial expense to both sides, including at least several party depositions and potentially voluminous document production (Defendants have recently filed a request with Judge Fox challenging numerous discovery requests by Plaintiff as overbroad, burdensome and in some instances not relevant to the complaint's causes of action involving transactions between two Plaintiffs and three Defendants).

Third, there is no reasonable risk of unfair prejudice to Plaintiffs here, since hopefully this court will determine the motion to dismiss within a reasonable period of time. If granted, this case would be dismissed. If denied, the disclosure process could be renewed and completed within sixty to ninety days after it resumes.

The court will note that Defendants moved promptly to dismiss, and Plaintiffs then requested more than thirty days to respond. As noted, the motion was submitted to Your Honor on March 7.

We appreciate the court's consideration.

Sincerely,

Andrew B. Schultz (AS 3739)
Scott M. Zucker
Attorneys for Defendants
David Berson, Daremy Court
Qualified Ventures, L.L.C. and
Daremy Court XIV, Inc.
135 Crossways Park Drive, Ste 201
Woodbury, NY 11797
516.921.0090

Cc: Peter Ginsberg, Esq. (VIA ECF)
Patrick Gaffney, Esq. (VIA FASCSIMILE ONLY: 212.223.4134)
Attorneys for Plaintiffs