# ANDREW B. SCHULTZ
Attorney At Law
185 Great Neck Road, Suite 330
Great Neck, NY 11021

Telephone    (516) 482-5100
Facsimile    (516) 482-1907

BY ECF                                                                June 3, 2008
Hon. Mark D. Fox
United States District Court
300 Quarropas St. #633
White Plains, N.Y. 10601 - 4150

RE:   Herman, et al. v. Berson, et al., - Case No. 07CIV10263 (SCR)(MDF)

Dear Magistrate Judge Fox:

    Pursuant to the court's order, we are responding to the letter sent Your Honor dated May 28, 2008 by Mr. Ginsberg, one of the attorneys for plaintiffs.

    On May 20, defendants Daremy Court Qualified Ventures L.L.C., Daremy Court XIV, Inc. and David Berson appeared for deposition testimony.

    In response to questions directed to him individually, Mr. Berson in essence invoked his Fifth Amendment privilege.

    As to questions directed to the two corporations, he answered several hours of questions as the corporate representative of the two corporate defendants.

    As the court was advised, the U.S. Attorney's Office for the Southern District of New York served a grand jury subpoena upon Mr. Berson directing in substance that all books and records of the two Daremy corporations be turned over.

    The subpoena was complied with and all records were so provided. Mr. Berson, as corporate representative, represented that he turned over all original documents and that no copies were maintained. In short, the corporations do not have possession, custody or control of the documents, which were turned over in early April in response to the grand jury subpoena dated March 31, 2008.

    Scott M. Zucker, one of the attorneys for defendants requested a federal agent working with the U.S. Attorney's office to enable copying of a set of the documents, but the government has to date declined to allow copying. Mr. Zucker also told the agent that plaintiffs in this action had served a request for the corporate documents, including those relating to plaintiffs (the plaintiffs' document requests were served on or about April 15, 2008)

All this information was duly provided to plaintiff's counsel, yet plaintiffs' counsel called us on May 28 and argued that supposedly the corporate documents turned over in response to the grand jury subpoena were somehow still in defendants' possession, custody or control.

We know of no valid basis for their assertion. Their May 28 letter cites two cases (Shcherbakovskiy and Flag Telecom), neither of which involved grand jury subpoenas or requests to the government for the opportunity to copy, and neither of which bears any relationship to the circumstances presented here..

Contrary to Mr. Ginsberg's comment in his May 28 letter, Scott Zucker requested, as noted that the government agree to allow copying, but the government has declined.

Mr. Ginsberg also injects his personal opinion that Mr. Berson, in his corporate capacity, supposedly "provided an unbelievable response" to one or more questions, yet plaintiffs' counsel has presented no transcript to defendants for review, and in his footnote Mr. Ginsberg purports to characterize about three questions out of hundreds asked over a period of several hours.

We have previously told Mr. Ginsberg and Mr. Gaffney that if they have any issue as to questions, could they provide us with the deposition transcript for our prompt review. They have so far declined to do so.

We respectfully submit that there is no valid basis for Mr. Ginsberg's current further request for production of documents not in the corporations' possession, custody or control. Nor is there any valid basis for him to allege blithely that supposedly the corporate defendants have not responded in "good faith," or that, on the present record, they should be ordered to appear further at defendants' expense.

Even plaintiffs' counsel does not deny that an answer was provided at the deposition to every question addressed to Mr. Berson in his capacity as corporate representative.

We appreciate the court's consideration.

CC: Peter Ginsberg, Esq. (by ECF)

Sincerely,

*Andrew B. Schultz*
Andrew B. Schultz

Scott M. Zucker
Attorneys for Defendants
Berson, Daremy Court
and Daremy Court XIV
135 Crossways Park Drive
Woodbury, NY 11797
516-921-0090